### MILLER v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. March 1, 1915.)

#### No. 2546.

CARRIERS ⚊37—RATES—REBATES—PENALTY.

Evidence *held* to sustain a judgment for penalties against defendant for knowingly soliciting and receiving rebates from the lawful and published rates on interstate shipments of grain.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 95, 927; Dec. Dig. ⚊37.

What constitutes an unlawful preference or discrimination by a carrier under interstate commerce regulations, see note to Gamble-Robinson Co. v. Chicago & N. W. Ry. Co., 94 C. C. A. 230.]

In Error to the District Court of the United States for the Southern District of Georgia; Emory Speer, Judge.

Criminal prosecution by the United States against Harvey C. Miller. Judgment of conviction, and defendant brings error. Affirmed.

See, also, 187 Fed. 369.

William W. Osborne and A. A. Lawrence, both of Savannah, Ga., and M. Hampton Todd, of Philadelphia, Pa., for plaintiff in error.

Erle M. Donalson, U. S. Atty., and Alexander Akerman, both of Macon, Ga., for the United States.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

PER CURIAM. We have carefully examined and fully digested the record in this case and conclude that the same shows no reversible error. The case conclusively shows that the 15-cent rate upon which appellant accepted the rebate was the legal rate for grain shipped from Philadelphia, Pa., to Jacksonville, Fla., and that the 10-cent rate claim-

ed to apply to grain originating west of a line from Pittsburg to Buffalo, which had formerly prevailed, was not a legal rate.

Under the evidence it cannot be disputed that the appellant was fully advised that the 15-cent rate was the legal rate in the premises, and in addition to this that the evidence tended to show that the appellant was informed and knew that the 10-cent rate, of which he was claiming the benefit, was not a legal rate, because the same had not been filed by the carriers with the Interstate Commerce Commission. It follows that there was no reversible error in rejecting the evidence tending to show that the 10-cent rate which appellant insisted upon as entitling him to the reduction which he accepted had been theretofore and prior to the Elkins Act (Act Feb. 19, 1903, c. 708, 32 Stat. 847 [Comp. St. 1913, §§ 8597–8599]) a well-known and recognized legal rate.

Judgment affirmed.